[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12229
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20915-JEM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUINA SENAN LEON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 15, 2018)

Before TJOFLAT, WILLIAM PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Guina Senan Leon appeals her below-guidelines sentence of 27 months of imprisonment, which was imposed following her plea of guilty to conspiring to defraud health care benefit programs by submitting false claims by wire transmissions. 18 U.S.C. §§ 1349, 1343. Leon argues that her sentence is substantively unreasonable. We affirm.

The district court did not abuse its discretion when it sentenced Leon to a term 14 months below the low end of her advisory guideline range. Leon served as the straw owner of two medical clinics that submitted to private insurance companies more than $20 million in false claims for medical services ostensibly prescribed by doctors. With a total offense level of 22, which included a two-level reduction for her minor role, United States Sentencing Guidelines Manual § 3B1.2(b) (Nov. 2016), Leon faced an advisory guideline range of 41 to 51 months of imprisonment. At the recommendation of the government, the district court varied downward and imposed a sentence of 27 months to account for Leon's substantial assistance. *See id.* § 5K1.1. Leon moved for a further reduction to account for her background and to achieve parity with the sentence imposed on another straw owner in a different scheme to defraud. Leon, who obtained degrees to serve as a nurse's assistant and as a registered nurse and received $24,000 for serving as the registered officer and manager of the clinics, for obtaining

occupational licenses, for signing checks and forms, and for cashing checks for the owner of the two clinics, offered no evidence that her comparator had a "similar record[] . . . [and] ha[d] been found guilty of similar criminal conduct," 28 U.S.C. § 991(b)(1)(B). *See United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). And the district court reasonably determined that a sentence of 27 months was required to deter further similar crimes, to reflect the seriousness of her offense, and provide just punishment for her role in the conspiracy. *See* 18 U.S.C. § 3553(a). Leon's sentence, which is well below her statutory maximum penalty of 20 years, is reasonable. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

We **AFFIRM** Leon's sentence.